## HAVEN & Co. *v.* B. HUDSON.

The highest rate of conventional interest for the loan of money, and two and a half per cent. in addition thereto for advancing, is usurious.

If a planter, for a consideration, engages to ship his crop to a factor, and violates his engagements, he will be liable for commissions on the crop.

APPEAL from the District Court of St. Landry, *A. Voorhies*, J.
*J. W. Walker*, for plaintiffs and appellants. *G. Breaux* and *H. Gibbon*, for defendant.

BUCHANAN, J. Plaintiffs sue for a balance of account current. The charges are for acceptances, cash advances, commissions and interest: and defendant is credited with proceeds of sugar and molasses, cash received, and interest.

Defendant pleads the general issue, and that the charges for interest and commissions are illegal.

The items of cash paid, and acceptances—also, the amount of cash and proceeds of crops received, are proved: and the questions really at issue may be reduced to two:

1st. Usury.

2d. Charges for commissions on crops not shipped by defendant to plaintiff, or their agent, *Hewes*.

I. As to the first of these questions, it is apparent that plaintiffs, in accordance with a commercial usage, very prevalent in this State, but which this court has frequently declared, is contrary to law, have charged defendant, not only with the highest rate of conventional interest, but with two and a half per cent. commissions upon cash advances. See *Lalande* v. *Breaux*, 5 Ann. 505.

We agree with the Judge of the District Court, that the commissions charged upon cash advances should be rejected; but we think that, as no contract for interest is proven, plaintiffs are entitled to recover legal interest. The counsel of plaintiffs, in this court, has appended to his brief, an interest account at five per cent. which we adopt as the basis of our judgment on this branch of the case.

We may observe, that no argument can be drawn in favor of the interest charged in the original account rendered, from the fact that defendant paid a large sum on account of the balance shown by that account. That payment must be imputed to the legal charges in the account, which exceeded the amount paid.

II. The charges for commissions upon crops of 1851 and 1852, are fully supported by the evidence. The defendant engaged, for a consideration, to ship those crops to plaintiffs or their agents in New Orleans, and violated those engagements.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that plaintiffs recover of defendant, thirteen hundred and forty-eight dollars and nineteen cents, with legal interest on ten hundred and forty-four dollars and eleven cents, from 28th April, 1856, until paid, and costs in both courts.