## H. GILLY v. GEORGE BERLIN.

A commission merchant cannot charge a planter for insurance unless he was instructed to insure, or a subsequent ratification by the latter is shown. Eight per cent. interest, and two and one-half per cent. commission, avowedly charged for advancing, taken together constitute an usurious charge.

APPEAL from the District Court of Avoyelles, *Ogden*, J.
*H. & S. L. Taylor*, for plaintiff. *E. N. Cullom* and *W. E. Cooke*, for defendant and appellant.

SPOFFORD, J. This suit is based upon a commission merchant's account against the defendant, his constituent. There was judgment for the plaintiff, and the defendant has appealed.

The appellant complains of but three items, to wit, an item of $31 50 paid for insurance upon a gin-house belonging to the defendant; an item of $50 21 commissions for advancing money; and a sum of $82 09 alleged to have been charged as interest in excess of the legal rate, making a total of $163 80, which the appellant asks to have deducted from the judgment rendered against him by the District Court.

It is conceded, that no instructions were given to the plaintiff to insure the gin-house, as was done, for the year beginning August 18th, 1854, and ending 18th of August, 1855. But the plaintiff contends that, as he had instructions to insure on a previous occasion, it was his duty to continue to insure until instructed otherwise. That might have been a correct conclusion under other circumstances. But here the plaintiff had been acting as the factor of the defendant, since 1850. He was never instructed to insure the gin-house until January, 1854, and then the instruction would appear to have been special, not to insure by the year, but to take out a policy only until the 18th of August, 1854. There were no business transactions between the plaintiff and defendant, after the 17th June, 1854. If the plaintiff had failed to insure for the year, between the 18th of August, 1854, and the 18th of August, 1855, under these facts, and the gin-house had been burned, we do not think the plaintiff could have been held liable for the loss. If it was not his duty to insure, and he had no instruction to do so, he cannot recover, unless there has been a subsequent ratification express or implied. Finding none in the record, we conclude that this charge must be disallowed.

As to the commissions and interest, it is clear that eight per cent. interest and two and a half per cent. avowedly charged as commissions for advancing, taken together, constitute an usurious charge. The commissions for advancing money must be disallowed; and, there being no written agreement to pay a conventional interest of eight per cent., the interest charged must be reduced to the legal rate. *Patterson* v. *Leach*, 5 An. 547; *Barrett* v. *Chaler*, 2 An. 874; *Brander, Williams & Co.* v. *Lum*, 11 An.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed. And it is now ordered, adjudged and decreed, that the plaintiff recover of the defendant the sum of one thousand and fifty-six dollars and

eighty-three cents, with interest thereon, at the rate of five per cent. per annum, from the 28th of March, 1856, until paid, and the costs of suit in the District Court; the costs of this appeal to be borne by the plaintiff and appellee.