No. 2740

Second Circuit

———

## MURFF v. JAMISON

———

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

———

Murff and Perkins, of Shreveport, attorneys for plaintiff, appellee.

Herndon and Herndon, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Plaintiff leased to defendant agricultural lands for the years 1923 and 1925 and during the periods plaintiff advanced defendant cash and paid bills which had been made by defendant and also furnished defendant with some supplies. The accounts for the two years were kept separately, and in this action plaintiff seeks to recover judgment against defendant for an alleged balance due on the account for 1923 amounting to $289, with legal interest from December 1, 1923, with recognition of a privilege on a promissory note pledged to secure the account, and for an alleged balance due on the account for 1925 amounting to $71.96, with legal interest from judicial demand.

The debit items on the account for 1923 consisted of charges for rent and cash advanced to defendant and bills paid for his account, and additional charges of a certain per cent. of the latter items, which, if considered as interest, was in excess of the conventional rate allowed by law, and defendant contended that the item for rent was in excess of the amount agreed upon, and that the additional charges of a certain per cent. of the items for cash advanced were illegal, and also contested the correctness of some of the charges, and further set up that plaintiff had failed to give him credits to which he was entitled; while the account for 1925 consisted of charges for supplies furnished and cash advanced with an additional charge for the latter items, as on the account of 1923, and defendant contested the legality of such additional charges and also set up that plaintiff had failed to give him credits to which he was entitled.

On trial the court recast the accounts, allowing deductions on the account for 1923 and reducing the balance claimed from $289 to $265.25, and allowing an additional credit on the account for 1925 of $7.02 and reducing the balance claimed from $71.96 to $64.84, for which judgment was rendered in favor of plaintiff, with

recognition of the privilege on the property pledged to secure the balance found to be due on the account of 1923, ·and defendant appeals, urging that the court was in error in its finding that the rent charge, as shown on the account of 1923, was correct, and in allowing the additional charges for cash advanced, and in refusing to allow additional credits set up by defendant on that account, and also that the court erred in allowing the additional charges for cash advanced on the account of 1925, and in refusing to allow additional credits set up by him.

The questions presented by appellant, with the exception of the validity of the additional charges made for cash advanced to defendant and for his account, involve purely matters of fact, and from our review of the record we do not find any error in the finding of the court; and this leaves for consideration only the additional charges for cash advanced by the plaintiff.

The record, as to such additional charges, shows that the charge varied from ten to twelve per cent. of the amount advanced, being added and charged at the time the advance, loan or payment was made, and in support of the allowance of such charges plaintiff urges that he· was not in a position to furnish defendant supplies, and in order to enable defendant to obtain supplies at the lowest cash prices he had agreed to furnish him with cash with the understanding that twelve and one-half per cent. would be added.

While it may be true, as suggested, that it would be advantageous for the defendant to borrow money at a rate of interest greatly in excess of that permitted by law, and pay cash for purchases, rather than to buy on credit, yet we do not think that the additional charge of a certain per cent. of the amounts advanced can be allowed if considered as interest, and in excess of that allowed by law.

In determining whether or not a transaction is contrary to the law prohibiting a charge of interest in excess of that permitted, the question is not dependent upon the form of the contract, or the name under which the charge is made, and when it appears that the transaction is in reality a loan or advance of money, and the charge is made for the loan, it must be regarded as interest, and cannot exceed the lawful rate, although it may be that the lawful rate is regarded as insufficient to warrant the risk, and under the evidence presented here it appears that the additional charge was in reality for interest.

Article 2924 of the Civil Code fixes the legal rate of interest at 5 per cent. and the conventional rate at 8 per cent., and it has been repeatedly held that a rate of interest in excess of that fixed by law cannot be recovered, whether called a commission for advance, or interest.

Haven & Co. vs. Hudson, 12 La. Ann. 660.

Gilly vs. Berlin, 12 La. Ann. 723.

.Chaffe & Sons vs. Heyner, 31 La. Ann. 594.

And we do not think the additional charges for interest should be allowed.

On account for the year 1923 there appear additional charges for cash advanced amounting to $32.20, and on the account for 1925 such charges amount to $13.70, which should have been deducted, and it is therefore ordered that the judgment appealed from be amended by reducing the amount allowed on the account for 1923 from $264.84 to $232.64, and by reducing the amount allowed on the acount for 1925 from $64.94 to $51.24, and as thus amended the judgment appealed from is affirmed, plaintiff to pay cost of appeal, and all other costs to be paid by defendant.